Argued and submitted February 11, affirmed October 30, 1991

In the Matter of the Compensation of
James R. Lasiter, Claimant.

James R. LASITER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Welch Trucking,
*Respondents.*

(88-10337; CA A64095)

819 P2d 767

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Robert F. Webber, and Black, Chapman & Webber, Medford.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**DEITS, J.**

Claimant seeks review of a final order of the Workers' Compensation Board that dismissed his claim for compensation because, in an earlier compliance proceeding, his alleged employer was found not to be a subject employer under the Workers' Compensation Law. We affirm.

On December 8, 1987, claimant filed an occupational disease claim against Patricia Sue Welch, dba Welch Trucking. Claimant drove a truck owned by Welch that had been leased to Lynn Transportation, Co., Inc. The Compliance Section of the Workers' Compensation Division issued an order on February 24, 1988, that declared Welch to be a noncomplying employer. ORS 656.005(18). Welch contested that order, and a hearing was scheduled for June 14, 1988. Notice of the hearing was sent to claimant and his attorney, captioned:

> "In the Matter of the Compensation of JAMES R. LASITER, Claimant, and in the matter of the Complying Status of PATRICIA SUE WELCH, dba WELCH TRUCKING, Employer."

Neither claimant nor his attorney appeared at that hearing. The referee determined that Welch was not a subject employer under the Workers' Compensation Law, and copies of the order were sent to claimant and his attorney.

On April 22, 1988, SAIF issued a denial of claimant's occupational disease claim on the basis that the disease was not sufficiently work-related. On June 20, six days after the hearing on Welch's complying status, claimant filed a request for hearing on SAIF's denial. In response, SAIF filed a motion to dismiss claimant's request on the basis that Welsh had already been found to be a non-subject employer and, therefore, claimant could not be a subject worker. The referee granted the motion on the basis that the holding in the compliance proceeding that claimant was not a subject worker was the "law of the case." The Board affirmed, explaining:

> "The result of [the Referee's] order is to negate the claim as there is no longer a subject employer against which to file a claim. The Referee [in this case] referred to this as the law of

the case[;] we disagree with that terminology, but we do agree with the ultimate result of the Referee.''

■■ The parties argue the case in terms of issue preclusion. However, we agree with the Board's characterization. It is not really a matter of claimant's being precluded from litigating the compensability of his claim. Technically, he is not precluded from doing that. The problem is that, because of the holding in the earlier compliance proceeding, there is not a subject employer against which claimant can claim. Although claimant had notice of that proceeding and could have participated in it or have had that proceeding consolidated with the compensability proceeding, ORS 656.740, his failure to participate does not affect the validity of the compliance holding. The Board's order dismissing the request for hearing on SAIF's denial was correct.

Affirmed.